UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

VIVIAN DOROTHEA GROVER-TSIMI,

        Plaintiff,

   v.

Judge TANJA K. MANRIQUE,
Judge CAROL A. HOOTEN,
Judge MICHAEL A. FAHEY,
Chief Judge EDWARD TOUSSAINT, JR.,
and Chief Justice ERIC J. MAGNUSON,

        Defendants.

Civil No. 09-3719 (ADM/AJB)

**REPORT AND
RECOMMENDATION**

---

     This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## I. BACKGROUND

     Plaintiff is attempting to sue five Minnesota state court judges who played various roles in her recent divorce proceedings. Three of the named Defendants, Tanja K. Manrique, Carol A. Hooten, and Michael A. Fahey, are identified as trial court judges. Defendant Edward Toussaint, Jr., is a Minnesota Court of Appeals Judge, and Defendant Eric J. Magnuson is the Chief Justice of the Minnesota Supreme Court. Plaintiff's complaint

plainly states that each of the Defendants is sued "individually" and in his or her "official capacity" as a state court judge or justice.  (Complaint, [Docket No. 1], pp. 1, 13.)

Plaintiff alleges that Defendants committed numerous legal errors during the course of her divorce proceedings, and her related efforts to obtain an Order for Protection for alleged "domestic abuse."  Plaintiff claims that Defendants' alleged errors violated her rights under federal and state law and the federal Constitution.  According to Plaintiff's complaint, "Defendants collectively over the course of nearly two years abandoned due process in appropriately hearing and effectuating Plaintiff's lawful divorce action against her spouse of nearly ten years contrary to the Fourteenth Amendment of the United States Constitution."  (Complaint, p. 4.)

Plaintiff claims that she "has suffered greatly" as a result of Defendants' alleged mishandling of her divorce proceedings, and she is seeking a judgment against Defendants "in an amount greater than $50,000.00."  (Id., pp. 30, 31.)  Plaintiff is also seeking a federal court order that would "render the divorce decree of December 29, 2008 void, granting Plaintiff her divorce as Petitioner lawfully earned."  (Id., pp. 30, 31, [emphasis in the original].)

## II.  DISCUSSION

An IFP application will be denied, and the plaintiff's claims will be dismissed, when the plaintiff's complaint fails to state a cause of action on which relief can be granted, or the plaintiff seeks relief from a party who is legally immune from the plaintiff's claims.  28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the Court finds that all five of the named Defendants are legally immune from Plaintiff's claims against them, by reason of the doctrine of judicial immunity. Therefore, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

It is well-settled that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).  There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge is being sued for actions that were not taken in the judge's judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction."  Mireles, 502 U.S. at 11-12.

Here, it is readily apparent that Plaintiff is attempting to sue all five Defendants based solely on actions allegedly taken in their respective capacities as state court judges. Indeed, Plaintiff has expressly pleaded that she is suing each Defendant in his or her "official capacity" as a judicial officer.  (Complaint, pp. 1, 13.)  Moreover, it is abundantly clear from the substantive allegations of the complaint that Defendants are not being sued for anything that any of them allegedly did as private citizens, but rather they are being sued because of what they allegedly did (or failed to do) while performing their duties as judges.  All of Plaintiff's claims stem directly from Defendants' alleged acts or omissions during the course of Plaintiff's state court proceedings, and all of those acts or omissions occurred while Defendants were acting in their respective judicial capacities.

It is equally clear that Defendants, as state court judges, had subject matter jurisdiction over Plaintiff's divorce proceedings, and any related proceedings involving any Order for Protection.  Minnesota state district courts are courts of general jurisdiction, and divorce actions, (and applications for protective orders), are fully within the subject matter jurisdiction of such courts.  See Minn.Const. Art. VI, § 3 ("[t]he district court has original jurisdiction in all civil and criminal cases and shall have appellate jurisdiction as prescribed by law"); Minn.Stat. § 518.06, subd. 1 ("A dissolution of a marriage shall be granted by a county or district court when the court finds that there has been an irretrievable breakdown of the marriage relationship.").[1]

Plaintiff may believe that one or more of the Defendants exceeded his or her jurisdiction in some respect, but that is far different from completely lacking subject matter jurisdiction altogether.   A judge does not lose his or her judicial immunity by merely exceeding his or her jurisdictional authority.  See Stump, 435 U.S. at 356-57 ("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'") (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1872)).

Plaintiff evidently believes that judges lose their judicial immunity by acting without personal jurisdiction, as she repeatedly alleges that the various Defendants acted without

---

[1] Plaintiff obviously understands that Minnesota state courts have subject matter jurisdiction over divorce proceedings, as she herself attempted to make use of that jurisdiction by initiating actions in a state district court.  See Complaint, p. 5 (alleging that on March 4, 2008, Plaintiff "filed her summons and petition for dissolution of marriage" in the state district court for Hennepin County); see also Complaint, p. 9 ("Defendant Judge Manrique dismissed Plaintiff's proper divorce action") (emphasis added).

personal jurisdiction over the parties before them.  Those allegations, however, cannot overcome Defendants' judicial immunity. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1076 (9th Cir. 1986) ("[w]here not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party"); <u>Foti v. County of San Mateo</u>, 90 Fed.Appx. 488, 491 (9th Cir. 2003) (unpublished opinion) ("judicial immunity may not be pierced for lack of personal jurisdiction"); <u>Crabtree By and Through Crabtree v. Muchmore</u>, 904 F.2d 1475, 1477 (10th Cir. 1990) (lack of personal jurisdiction does not defeat judicial immunity defense); <u>Dykes v. Hosemann</u>, 776 F.2d 942, 949 (11th Cir. 1985) (same); <u>John v. Barron</u>, 897 F.2d 1387, 1392 (7th Cir.) (same), <u>cert</u>. <u>denied</u>, 498 U.S. 821 (1990).  <u>See</u> <u>also</u> <u>Pollack v. Nash</u>, 58 F.Supp.2d 294, 303 (S.D.N.Y. 1999) ("lack of personal jurisdiction does not strip a judge of absolute immunity").

Finally, the court notes that the doctrine of judicial immunity cannot be overcome by accusations of bias, malice, retaliation, or other serious misconduct. <u>Mireles</u>, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice").  An action taken by a judge in his or her judicial capacity "does not become less judicial by virtue of an allegation of malice or corruption of motive." <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988).  The Supreme Court has explicitly held that "immunity applies even when the judge is accused of acting maliciously and corruptly." <u>Pierson</u>, 386 U.S. at 554.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that, despite all of Plaintiff's vituperative accusations against Defendants, she cannot overcome their immunity from being sued for their judicial acts or omissions while presiding over Plaintiff's state court proceedings.  All of Plaintiff current claims for relief are barred by the doctrine of judicial

immunity.[2]  The Court will therefore recommend that Plaintiff's IFP application be denied,

and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(iii).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Dated: January 29, 2010

_s/ Arthur J. Boylan_____
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 12, 2010.

---

[2]  The Court notes that Plaintiff's lawsuit also appears to be barred by the Rooker-Feldman doctrine, because she clearly seems to be asking the federal court to review and overturn a state court judgment.  (See Complaint, pp. 30, 31.)  It is well-settled that federal courts lack subject matter jurisdiction over actions seeking such relief.  Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005) (Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments").