UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Vivian Dorothea Grover-Tsimi,       Civil Case No. 09-3719 (ADM/AJB)

    Plaintiff,

vs.

Judge Tanja K. Manrique,
Judge Carol A. Hooten,
Judge Michael A. Fahey,
Chief Judge Edward Toussaint, Jr.,
and Chief Justice Eric J. Magnuson,

    Defendants,

OBJECTIONS TO
REPORT AND
RECOMMENDATION

**PLEASE TAKE NOTICE** <u>Plaintiff objects to the court's entire Report and Recommendation</u> on the basis that;

**"No one is above the law where the Constitution presides at the head of the court"** *Plaintiff*

and for the reasoning set forth;

### Statement of the Case

Plaintiff restates and realleges the complaint in its entirety and incorporates the same herein by reference.

### Areas of Disagreement

I. **Immunity**

    **A.**     The court has not supplied any argument in its Report and Recommendation that could support the following statement made by Plaintiff in objection to the court's Report and

SCANNED
FEB 1 2 2010
U.S. DISTRICT COURT MPLS

Recommendation;

**"The immunity of a judge stays intact even in violation of the U.S. Constitution."**

1. The "contrary" to the above statement is the driving force behind the Plaintiff's action appropriately laid before the court. Thus, as quoted from the face of Plaintiff's complaint, the Defendants have unequivocally violated *"...certain protections guaranteed to Plaintiff by the Eighth, and Fourteenth Amendments of the United States Constitution..."*

2. As quoted from Plaintiff's complaint, p. 11-12: *The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) states "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. <u>The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.</u>"*

3. Regardless, whether the court argues immunity with 5,000 case references, if the court is unable to supply any argument that supports the statement *"the immunity of a judge stays intact even in violation of the U.S. Constitution"*, judicial immunity is quashed, and *"no one is above the law where the Constitution presides at the head of the court"* to include the judiciary.

> **"A judge cannot take an oath to uphold the U.S. Constitution, the law of the land, violate it, and then yell I'm immune; if this is the case, then the judiciary is placing itself above the U.S. Constitution, the law of the land,**

**nullifying its purpose"** *Plaintiff*

*"The U.S. Supreme Court has stated that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it." Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958)."*

    4. We all believe that when the U.S. Constitution was written all inscribing parties were of sound mind and sober; thus, for the judiciary to sputter upon such doctrine and/or solemnize it as unconstitutional behind a wall of immunity <u>when such doctrine is clearly violated and violated above mere speculation with substantial evidence</u> the judiciary must be held accountable for its actions and appropriately brought to justice under at least the same like-kind process for which it violated and that is due process; before a jury, as demanded in Plaintiff's complaint; of which <u>the court has not supplied any argument in addition to its argument of immunity that a jury would not be allowed in the action brought by Plaintiff</u>.

    5. Violation of *"...certain protections guaranteed to Plaintiff..."* under the U.S. Constitution on behalf of the Defendants helps Plaintiff unequivocally overcome the Defendants' judicial immunity.

B.    For the elements of malice and corruption relative to the court's immunity argument on behalf of the acts of the Defendants, Plaintiff must direct the court's attention to the following argument; judicial immunity was first recognized by the U.S. Supreme Court in *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 19 L. Ed. 285 (1868). In *Randall* the Court stated that a judge was not liable for judicial acts <u>unless they were done "maliciously or corruptly"</u>; this case cannot be ignored; however, the court has not supplied any argument in its Report and Recommendation that could support the following statement made by Plaintiff in objection to the court's Report and Recommendation;

> **"The acts of a judge done in official capacity whether malicious or corrupt are immune even in violation of the U.S. Constitution"** *Plaintiff*

1. Concurrently, the court has not supplied any argument in its Report and Recommendation that could support the following statement made by Plaintiff in objection to the court's Report and Recommendation;

> **"The doctrine of judicial immunity is unfettered even in violation of the U.S. Constitution"** *Plaintiff*

**Thusly,** in summary to the argument of immunity, Plaintiff's complaint actuates a concise cause of action for which to sue the Defendants because the U.S. Constitution and federal laws are in question and such action is appropriately laid before the court; therefore, the acts of the Defendants must be tried before a jury; undergo due process, a process for which a like-kind member of the judiciary cannot decide alone because of the implication of bias; and understandably so, change can be fearful, reprimand can be insulting but not as insulting as disregarding rights due Plaintiff under the U.S. Constitution. This action has not been brought before the court to threaten the integrity of the judiciary but to recalibrate its oath and commitment to the U.S. Constitution in the application of civil rights granted the Plaintiff and all Americans alike. ***"The court must not lose sight of the fact that violation of rights granted under the U.S. Constitution by the judiciary or otherwise eliminates any immunity doctrine; the U.S. Constitution is the law of the land, and is seated as judge in all cases"*** *Plaintiff.*

II. **Personal Jurisdiction**

　　A.　　As quoted from Plaintiff's complaint, p. 2: *Personal jurisdiction embodies the relationship between the defendant (in the case of marriage dissolution, a respondent) and the state in which the suit is brought. Due process under the Fourteenth*

*Amendment of the United States Constitution requires that process be served upon a party before that party can be subject to personal jurisdiction. "If service of process is invalid, the trial court lacks jurisdiction to consider the case, and it is properly dismissed". Lewis v. Contracting Northwest, Inc., 413 N.W.2d 154, 157 (Minn. App. 1987).*

B. Plaintiff's personal jurisdiction argument in her complaint directly attacks the divorce decree of December 29, 2008; the Defendants collectively lacked personal jurisdiction to consider the dissolution action of Plaintiff's nonresident spouse as petitioner and not because of the presence of judicial immunity or lack thereof. **Whether the judiciary is immune or not, the acts of the Defendants questioned the constitutionality of existing law in officiating personal jurisdiction over Plaintiff where her nonresident spouse is named as Petitioner in the decreed divorce action where "service of process" was/is invalid or absent**; all Defendants had unequivocal knowledge, at their disposal, of substantiated evidence that proved as quoted from Plaintiff's complaint, p. 3: *(1) Plaintiff was not given proper notice of the action where Plaintiff's nonresident spouse is named as petitioner, (2) Plaintiff was not lawfully served where Plaintiff's nonresident spouse is named as petitioner, and (3) Plaintiff was not afforded the opportunity to be appropriately heard where Plaintiff's nonresident spouse is named as petitioner; the three most critical factors in the determination of a court's personal jurisdiction; therefore the court must dismiss the case brought by Plaintiff's nonresident spouse.*

C. The questioning of the constitutionality of existing law relative to personal jurisdiction and "service of process" or lack thereof on the part of the Defendants has laid the Plaintiff's action appropriately before the court regardless judicial immunity or lack thereof seeking redress overall for the violation of due process not afforded Plaintiff

in her pursuit of an equitable process relative to her divorce action under the Fourteenth Amendment of the U.S. Constitution.

D. The court has not supplied any argument in its Report and Recommendation that could support the following statement made by Plaintiff in objection to the court's Report and Recommendation;

**"Service of Process, under existing law, is validated inside a courthouse and therefore does not in any way disrupt the administration of justice"** Plaintiff

E. Personal jurisdiction cannot be evaluated without first evaluating the above statement which was also stated in Plaintiff's complaint, p. 2-3: *"such act of service of process inside a courthouse is not supported by existing law for it indeed threatens the administration of justice".*

F. Collectively the Defendants disregarded Plaintiff's right to due process on the matter of personal jurisdiction where her nonresident spouse is named as petitioner because any elimination of personal jurisdiction on behalf of Plaintiff's spouse would do away with the criminal case devised by Deputy John Grover and the State of Minnesota on February 21, 2008 and now before the U.S. District Court, District of Minnesota (*Grover-Tsimi v. State of Minnesota, et al.*); an initial criminal case brought against Plaintiff for which Plaintiff was physically attacked by Deputy Grover inside the Scott County courthouse; as quoted in Plaintiff's complaint, p. 3: *"Plaintiff's appearance was obstructed by deputies of the court; obstruction that aggravated Plaintiff's posttraumatic stress disorder sending her into a panic state and triggering a severe heart seizure; a condition later to become known as supraventricular tachycardia. Plaintiff would be restrained, forced into handcuffs, and detained..."*

G. Ultimately, if counsel to Plaintiff's spouse and Scott County Sheriff Kevin Studnicka (Sheriff Studnicka party to *Grover-Tsimi v. State of Minnesota, et al.,* in the U.S. District Court, District of Minnesota) had not withheld spousal maintenance due Plaintiff against the court order of her existing Order for Protection (Domestic Abuse), Plaintiff would not have had a need to file a motion for contempt or a need to appear for the contempt hearing on February 21, 2008 before Defendant Judge Carol A. Hooten; Plaintiff would not have been confronted by Deputy John Grover's volatility on February 21, 2008 that invoked a panic attack triggering a heart seizure of which Plaintiff's reactions to the seizure and callout for help were erroneously labeled disorderly, charged as such, and ultimately recorded as guilt by jury.

H. The Defendants, on the matter of personal jurisdiction and the violation of Plaintiff's right to due process on such matter, clearly cross-controlled the outcome of two cases in family court and criminal court. Regardless judicial immunity or lack thereof, the Defendants acted completely contrary to *"...certain protections guaranteed to Plaintiff by the Eighth, and Fourteenth Amendments of the United States Constitution raising a substantial federal question pursuant to 28 U.S.C. § 1331"* (Complaint, p. 1.).

**Thusly,** in summary to the argument of personal jurisdiction, Plaintiff's complaint actuates a concise cause of action for which to sue the Defendants because the U.S. Constitution and federal laws are in question and such action is appropriately laid before the court.

### III. Void Divorce Decree

A. As quoted from the face of Plaintiff's complaint, *"Federal trial court also has subject-matter jurisdiction over claims seeking relief from family-court orders which emanated under procedures that allegedly violated due process, equal protection, and other*

*federal statutes such as §1983, the civil rights statute". Agg v. Flanagan, 855 F.2d 336, 339 (C.A.6 (Ohio) 1988).*

B.     The court has not supplied any argument in its Report and Recommendation that could support the following statement made by Plaintiff in objection to the court's Report and Recommendation;

**"A divorce decree is not a declaratory decree under 42 U.S.C. § 1983 for which relief can be sought"** *Plaintiff*

C.     Thus, the cause of action brought by Plaintiff that sues the Defendants pursuant to 42 U.S.C. § 1983; <u>Plaintiff has the right to relief even in the presence of judicial immunity</u> as 42 U.S.C. § 1983 reads;

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable</u>. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

**and subsequently the cause of action brought by Plaintiff that sues the Defendants pursuant to F.R.Civ.P. 60(d)** based on the fraud perpetrated in the divorce decree and

the fraudulence of the divorce decree based on all facts stated in Plaintiff's complaint, Plaintiff has the right to relief even in the presence of judicial immunity as F.R.Civ.P. 60(d), in part, reads;

*"This rule does not limit a court's power to... (3) set aside a judgment for fraud on the court."*

**Further, as quoted in Plaintiff's complaint, p. 26:**

*Under federal law applicable to all states, the U.S. Supreme Court asserts that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, in opposition to them, even prior to a reversal. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliott v. Piersol, 26 U. S. 328 (1828).*

**Thusly**, in summary to the argument of the void divorce decree, regardless judicial immunity or lack thereof, Plaintiff can under existing law attack the validity of the divorce decree based on fraud and seek relief; Plaintiff's complaint actuates a concise cause of action for which to seek such relief; invalid "service of process" where Plaintiff's nonresident spouse is named as petitioner, forgery, illegal removal of Plaintiff from title of the parties homestead, allowing language in the decree contrary to federal bankruptcy laws, nonresident spouse's fraudulent and/or non-official establishment of residence, nonresident spouse's fraudulent claim of financial hardship, forgery coupled with the award of spousal maintenance, and so forth for which all are elements of the divorce decree of December 29, 2008 validating fraud. Plaintiff is the lawful Petitioner in the divorce proceeding and otherwise has the right to have such decree rendered void by the court for which it has been currently laid; all declaratory relief and due process has been shut-down by the Defendants and is unavailable. Where the date of divorce may under existing law remain as December 29, 2008, the decree itself is void. Defendant Judge Michael A. Fahey had absolutely no judicial authority or

jurisdictional power, in part, to attempt to eliminate pending federal matters of forgery and violation of bankruptcy automatic stay laws with the divorce decree of December 29, 2008.

> **"All of the elements of fraud perpetrated in the divorce decree and inflicted upon Plaintiff does not merely characterize Plaintiff as a "loser" but a victim absent the arms of the U.S. Constitution and due process and the right to redress any and all relative matters before the state courts first for which the Defendants made very clear that the U.S. Constitution was not written on the Plaintiff's behalf by barring all Plaintiff's redress attempts"** *Plaintiff*

### IV. Monetary Damages

A. Plaintiff seeks monetary damages pursuant to injunctive relief under 42 U.S.C. § 1983 and relief as quoted in Plaintiff's complaint, p. 30: *"in an amount greater than $50,000; the award of damages requested in excess shall cover all legal fees accrued overtime down to a mere purchase of ink an indigent Plaintiff could not afford but needed inorder to produce the countless number of documents to fight for her rights; equal protection and appropriate due process under the law for which Plaintiff has had to continue to fight for to date in which this action is commenced against the Defendants, and any pain and suffering caused on behalf of the Defendants."*

B. In the absence of monetary damages and pain and suffering sought, Plaintiff's cause of action in which to seek relief for the void divorce decree exists; Plaintiff's complaint actuates a concise cause of action for which to sue and therefore appropriately laid before the court. **If a judge does not fully comply with the Constitution, then his orders are void,** *In re Sawyer,* **124 U.S. 200 (1888), he/she is without jurisdiction, and he/she has engaged in an act or acts of treason.**

## Consideration for Relief Sought

Plaintiff restates and realleges the relief sought in the complaint in its entirety and incorporates the same herein by reference. To assert an attainable claim under 42 U.S.C. § 1983, a Plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the Plaintiff of clearly established rights, privileges or immunities guaranteed by the federal Constitution or laws of the United States. *Meehan v. Town of Plymouth*, 167 F.3d 85, 88 (1st Cir. 1999); *Rodriguez-Cirilo v. Garcia*, 115. F.3d 50, 52 (1st Cir. 1997). Both elements Plaintiff has clearly asserted in her action brought before the court.

**HEREIN**, Plaintiff requests of the court that her action be appropriately tried before a jury in the exercise of her right to due process under the Fourteenth Amendment of the U.S. Constitution and to proceed forward without prepayment of fees with the approval of her application and affidavit filed with the Clerk of Court.

## Certificate of Service

I, Vivian Dorothea Grover-Tsimi, (Plaintiff), being duly sworn under penalty of perjury, state that on the 10th day of Feb, 2010, I served Objections to Report and Recommendation upon the United States District Court, District of Minnesota and all Defendants by placing a true and correct copy in appropriate individual envelopes in the U.S. Postal Mail of the City of New Prague, County of Scott, in the State of Minnesota.

Dated: Feb. 10, 2010

Signature of Plaintiff
Vivian Dorothea Grover-Tsimi,
Plaintiff
210 1st Ave. N. W. #302
New Prague, MN 56071

SUBSCRIBED AND SWORN TO BEFORE ME

ON THIS 10 DAY OF Feb, 2010.

NOTARY PUBLIC



PATRICIA L. CHRISTENSEN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2014

V. Tsimi
210 1st AVE. N.W. #302
New Prague, MN 56071

RETURN RECEIPT REQUESTED

RECEIVED BY MAIL
FEB 12 2010
CLERK, US DISTRICT COURT
MINNEAPOLIS

CERTIFIED MAIL

7009 0820 0000 3430 9892

U.S. District Court
District of Minnesota
Office of the Clerk
(U.S. Courthouse), Suite 202
300 South Fourth Street
Minneapolis, MN 55415

U.S. POSTAGE PAID
NEW PRAGUE, MN
56071
FEB 10 10
AMOUNT
$6.15
00049504-05

FEB 10 2010 USPS NEW PRAGUE MN 56071