UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vivian Dorothea Grover-Tsimi,

          Plaintiff,

     v.

Judge Tanja K. Manrique,
Judge Carol A. Hooten,
Judge Michael A. Fahey,
Chief Judge Edward Toussaint, Jr.,
and Chief Justice Eric J. Magnuson,

          Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-3719 ADM/AJB

_____

Vivian Dorothea Grover-Tsimi, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Vivian Dorothea Grover-Tsimi's ("Plaintiff") Objections [Docket No. 6] to Magistrate Judge Arthur J. Boylan's January 29, 2010 Report and Recommendation ("R&R") [Docket No. 5]. Judge Boylan recommended denying Plaintiff's application for leave to proceed in forma pauperis [Docket No. 2] ("IFP"), and summarily dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). For the reasons stated below, Plaintiff's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Plaintiff is attempting to sue Defendants Judge Tanja K. Manrique, Judge Carol A. Hooten, Judge Michael A. Fahey, Chief Judge Edward Toussaint, Jr., and Chief Justice Eric J. Magnuson (collectively "Defendants"). Defendants are judicial officers in the State of Minnesota and were assigned judicial responsibilities in Plaintiff's marriage dissolution

proceedings. Plaintiff alleges Defendants committed legal errors throughout the course of her divorce proceedings that resulted in a violation of her constitutional rights. Compl. [Docket No. 1] p.4. Plaintiff seeks damages and a review of the state court's decision in her marriage dissolution proceeding.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See U.S.C. § 1915(e)(2(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).

### B. Plaintiff's Objections

Plaintiff's Objections recycle the arguments asserted in her Complaint, all of which were thoroughly addressed by Judge Boylan. Plaintiff objects to Judge Boylan's conclusion that the doctrine of judicial immunity shields Defendants from Plaintiff's claims. Plaintiff writes:

> Regardless, whether the court argues immunity with 5,000 case references . . . A judge cannot take an oath to uphold the U.S. Constitution, the law of the land, violate it, and then yell I'm immune; if this is the case, then the judiciary is placing itself above the U.S. Constitution, the law of the land, nullifying its purpose.

Objections at 2-3.

As Judge Boylan explained, it is well settled that judges are completely immune from

civil lawsuits based on claims of misconduct during the performance of their judicial functions. Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("[F]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discretion."). The rationale is that

> [i]t is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

Pierson, 386 U.S. at 554.

The immunity afforded judges is not absolute. A judge lacks immunity where the judge acts in the "clear absence of all jurisdiction," Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872), or performs an act that is not "judicial" in nature. Stump, 435 U.S. at 360.

Plaintiff's federal constitutional claims are based on the assertion that the Defendants lacked personal jurisdiction to consider her marriage dissolution action. However, as Judge Boylan noted, Plaintiff's assertion, even if true, does not defeat judicial immunity. Courts have uniformly held that even in the absence of personal jurisdiction over a party, judges are immune from suit. Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986); Foti v. County of San Mateo, 90 F. App'x 488, 491 (9th Cir. 2003) (unpublished opinion); Crabtree By and Through Crabtree v. Muchmore, 904 F.2d 1475, 1477 (10th Cir. 1990); Dykes v. Hosemann, 776 F.2d 942, 949 (11th Cir. 1985).

Plaintiff is attempting to sue Minnesota state judges for acts they allegedly performed as

the presiding judges in Plaintiff's marriage dissolution proceeding. Therefore, Plaintiff's claims are barred by the doctrine of judicial immunity.

In addition, Plaintiff is apparently attempting to overturn a ruling that has been entered in a previous state court proceeding. As a general rule, federal district courts cannot review state court rulings. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 2005 (stating that federal district courts cannot properly entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments); Skit Int'l Ltd. v. DAC Techs.of Ark., Inc., 487 F.3d 1154, 1156 (8th Cir. 2007) ("The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions."). Therefore, this Court cannot entertain Plaintiff's request for review of the state court's decision in her marriage dissolution proceeding.

For the reasons set forth above, this case is dismissed. Because the matter is dismissed, Plaintiff's application for leave to proceed IFP is moot.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 6] are **OVERRULED**;

2. The R&R [Docket No. 2] is **ADOPTED;**

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**;

4. Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

<u>    s/Ann D. Montgomery    </u>
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 15, 2010.